RECEIVED
JUN 0 3 2022
CLERK, U.S. DISTRICT COURT
ST. PAUL, MINNESOTA

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-82 (KMM)

UNITED STATES OF AMERICA,

                Plaintiff,

v.

JUSTIN JOHN MITCHELL,

                Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS**

The United States of America and Defendant Justin John Mitchell agree to resolve this case on the terms and conditions that follow. This plea agreement binds only Defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges.** The Defendant agrees to enter a plea of guilty to Counts 1 and 2 of the Information, which charges him with Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2). The Defendant fully understands the nature and elements of the crimes with which he has been charged. The United States agrees that it will not seek to prosecute the Defendant for other conduct directly learned from the investigation leading to this plea agreement.

2. **Factual Basis.** The Defendant is pleading guilty because he is in fact guilty of Counts 1 and 2 of the Information. The Defendant agrees that the following summary fairly and accurately sets forth the underlying facts of the Defendant's offenses and the basis for his guilty plea. The Defendant further agrees that the facts set forth in the summary

SCANNED
JUN 0 3 2022
U.S. DISTRICT COURT ST. PAUL

are true and would be established beyond a reasonable doubt if the case were to proceed to trial:

    a.    In or around July 2015, the Defendant was convicted of a felony in the State of Minnesota for possession of child pornography, in violation of Minn. Stat. § 617.247.4(a). A few years later, in or around November 2018, the Defendant was convicted of a felony in the State of Minnesota for possession of child pornography by a registered predatory offender, in violation of Minn. Stat. § 617.247.4(b).

    b.    In 2018, as a result of the prior felonies, the Defendant was on probation in the State of Minnesota and was required to register as a predatory offender.

    c.    In or around July and August 2019, after the Defendant was in custody in Ramsey County on an unrelated felony charge, the Defendant's probation officer was alerted to the Defendant possessing a Samsung Galaxy tablet, Samsung Galaxy cell phone, and Amazon tablet containing child pornography. The Defendant's probation officer recovered these devices and obtained a search warrant for them in August 2019.

    d.    On the Defendant's computer tablets and cell phone, law enforcement found more than 19,000 videos and images of child pornography. The Defendant knew that his devices contained these images.

    e.    Approximately two-and-a-half years later, on or about January 7, 2022, while the Defendant was on probation, his Ramsey County probation officer conducted an unscheduled home visit at the Defendant's residence. Upon a search of the Defendant's home, the probation officer found an unauthorized device—an Amazon

Kindle Fire 7 tablet—on the bed in the Defendant's bedroom. The probation officer seized the device for analysis. Law enforcement obtained a search warrant for the Kindle.

  f. On the Defendant's Kindle Fire tablet in January 2022, law enforcement found more than 1,930 videos and images of child pornography. The Defendant knew that his Kindle Fire tablet contained these images.

  g. Specifically, for example, on Defendant's Kindle Fire tablet on or about January 7, 2022, the Defendant possessed an image file named d411db6d27684573_0_embedded_1.jpg, depicting a naked prepubescent girl with her legs spread and exposing her genitalia, with an adult penis near her genitalia.

  h. The images and videos of child pornography that the Defendant knowingly possessed at the time of his arrest around July and August 2019 and around January 2022 included images of children under the age of 12 and toddlers engaged in sexually explicit conduct. The Defendant's collection of child pornography includes images and videos depicting, among other things, adult men vaginally and anally penetrating prepubescent children who had not yet attained 12 years of age, including images involving toddlers. Other material depicts children engaging in sexually explicit conduct with one another.

  i. Throughout this period, the Defendant was under court supervision after having previously been convicted of possessing child pornography in Ramsey County, Minnesota in 2015 and in 2018.

  j. In particular, the Defendant admits that he knowingly possessed the files described in subparagraphs (a) through (g) in Counts 1 and 2 of the Information, along

with other files containing child pornography. The Defendant admits that the images he possessed are of real children engaged in sexually explicit conduct. The Defendant admits that the devices on which he possessed the child pornography were manufactured outside the state of Minnesota.

3.  **Waiver of Indictment.**  Defendant agrees to waive indictment by a grand jury on these charges and to consent to the filing of a criminal information. Defendant further agrees to execute a written waiver of his right to be indicted by a grand jury on this offense.

4.  **Waiver of Pretrial Motions.**  Defendant understands and agrees he has certain rights to file pretrial motions in this case. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, Defendant knowingly, willingly, and voluntarily gives up his right to file and litigate pretrial motions in this case.

5.  **Waiver of Constitutional Trial Rights.**  Defendant understands that he has the right to plead not guilty and go to trial. At trial, Defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses and subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. Defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. Defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he

would have the right to a public and speedy trial. By pleading guilty, Defendant specifically and voluntarily waives each of these trial rights, except the right to counsel. Defendant understands that a guilty plea is a complete admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge Defendant guilty without a trial.

6. **Statutory Penalties.** Defendant understands that Counts 1 and 2 of the Information are felony offenses, and the parties agree that Defendant is subject to the following statutory penalties on each count:

   a. a mandatory minimum of 10 years' imprisonment;

   b. a maximum of 20 years' imprisonment;

   c. a supervised release term of at least five years up to a maximum supervised release term of life;

   d. a fine of up to $250,000;

   e. a mandatory special assessment of $100 and a mandatory assessment of $5,000 to the Domestic Trafficking Victims' Fund, if the Defendant is found not to be indigent; and

   f. payment of mandatory restitution in an amount to be determined by the Court.

7. **Revocation of Supervised Release.** The Defendant understands that if he were to violate any supervised release condition while on supervised release, the Defendant could be sentenced to an additional term of imprisonment. Each additional term of imprisonment could be up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). *See* USSG §§ 7B1.4, 7B1.5. The Defendant also understands that as a part of any revocation, the court may include a requirement that the Defendant be placed on an

additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

8. **State Court Case.** Although the United States cannot and does not make any promises regarding the Defendant's pending state case, the Defendant believes that Ramsey County will dismiss Counts II – VII of their pending state charges (Case No. 62-CR-22-82) as a result of Defendant's guilty plea in federal court and a plea to Count I of the state complaint. If Ramsey County does not honor their agreement, that will not provide a basis for the Defendant to withdraw his guilty plea in this case. In that event, the parties will jointly request that the sentence in this case should be served concurrent to any sentence imposed in Ramsey County.

9. **Guideline Calculations.** The parties acknowledge that the Defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq*. Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guideline calculations:

    a.     <u>Base Offense Level</u>. The parties agree that the base offense level for possession of child pornography is **18**. USSG § 2G2.2(a)(1).

    b.     <u>Specific Offense Characteristics</u>. The parties agree that the following upward adjustments to the offense level apply:

        1) **2 levels** because the material involved prepubescent minors (USSG § 2G2.2(b)(2));

  2) **4 levels** because the offense involved materials that portray sexual abuse or exploitation of an infant or toddler (USSG § 2G2.2(b)(4));

  3) **2 levels** because the offense involved the use of a computer and an interactive computer service (USSG § 2G2.2(b)(6)); and

  4) **5 levels** because the offense involved more than 600 images (USSG § 2G2.2(b)(7)(D)).

  The parties agree no other Chapter 2 adjustments apply.

c.  Acceptance of Responsibility. The government agrees to recommend that Defendant receive a **3-level** reduction for acceptance of responsibility and to make any appropriate motions with the Court. However, the Defendant understands and agrees that this recommendation is conditioned upon the following: (i) the Defendant testifies truthfully during the change of plea and sentencing hearings, (ii) the Defendant cooperates with the Probation Office in the pre-sentence investigation, including disclosure of truthful and accurate financial information to the Probation Office, and (iii) the Defendant commits no further acts inconsistent with acceptance of responsibility. (USSG §§ 3E1.1(a) and (b)). The parties agree that no other Chapter 3 adjustments apply.

d.  The parties agree that no Chapter 4 adjustments apply.

e.  Criminal History Category. Based on information available at this time, the parties believe that the Defendant's criminal history category is **IV**. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. Defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The Defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within his criminal history under the U.S. Sentencing Guidelines, he will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. (USSG § 4A1.1).

f.  Guideline Range. If the adjusted offense level is **28**, and the criminal history category is **IV**, the Sentencing Guidelines range is 110-137 months of imprisonment, which is adjusted to 120-137 months.

      (USSG § 5G1.1(b)). The mandatory minimum sentence is 120 months.

    g.    <u>Fine Range</u>. If the adjusted offense level is **28**, the fine range is $25,000 to $250,000. (USSG § 5E1.2(c)(3)).

    h.    <u>Supervised Release</u>. The Sentencing Guidelines require a term of supervised release of at least five years and up to a life term if a term of imprisonment of more than one year is imposed. (USSG §§ 5D1.2(a)(1) and 5D1.2(b)(2); 18 U.S.C. § 3583(k)).

    i.    <u>Sentencing Recommendation and Departures</u>. The parties reserve the right to make a motion for variances and/or departures from the applicable Guidelines range and to oppose any such motion made by the opposing party. The parties reserve the right to argue for a sentence outside the applicable Guidelines range.

10.    **Discretion of the Court.** The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range. If the Court or the Probation Office determines that the applicable Guideline calculations or Defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and Defendant will be sentenced pursuant to the Court's determinations.

11.    **Special Assessment.** The Guidelines require payment of a special assessment in the amount of $100.00 for each felony count of conviction. USSG § 5E1.3. Here, the $200.00 special assessment is due and payable at sentencing.

12.    **Restitution.** Defendant understands and agrees that 18 U.S.C. § 2259, 18 U.S.C. § 3663(a)(3), and 18 U.S.C. § 3663A (the "Mandatory Victim Restitution Act")

apply and that the Court is required to order the Defendant to make restitution to the victims of his offenses. Additionally, pursuant to 18 U.S.C. § 3663(a)(3) and 18 U.S.C. § 3663A(a)(3), the Defendant agrees to pay restitution to any individual whose child pornography image or video he possessed, distributed, received, trafficked, or produced, as determined in the course of the investigation or by the National Center for Missing and Exploited Children ("NCMEC"). The parties agree that the amount of restitution owed will be determined using 18 U.S.C. § 2259 to reflect the full amount of victim losses. Defendant agrees to enter a stipulation prior to sentencing to restitution regarding victims who have requested restitution by that date. Absent an agreement with counsel for the victim and the government that he will pay a greater amount, Defendant agrees to pay at least $3,000.00 in restitution to each of the victims who request restitution in his case. Additionally, Defendant understands and agrees that the Court may order him to make restitution to any victims of his crimes, regardless of whether the victim was named in the Information or included in the counts of conviction. Defendant agrees to fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which the Defendant has any right, title, or interest. Defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of restitution and fines ordered by the Court.

13. **Forfeiture.** Defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 2253(a):

    a.    any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B or 2260 of Chapter 110, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual

        depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110;

    b.    any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

    c.    any property, real or personal, used or intended to be used to commit or to promote the commission of such offense.

Specifically, the parties agree that Defendant will forfeit the following to the United States: (1) Amazon Kindle Fire 7 (9th generation), model KFMUWI; (2) Samsung Galaxy Tab A 7.0, GSM SM-T280, Android ID: 4b96c1634ec80ea5; (3) Samsung Galaxy Cell Phone SM-G965U, Android ID: 8a374726ff1358da, IMEI 358215090601461; and (4) Amazon tablet, model KFKAWI, Android ID 10bbfe5347080699.

Defendant agrees that this property is subject to forfeiture because the items were used to commit the offenses charged in Counts 1 and 2 of the Information. The United States reserves the right to seek the forfeiture of additional property.

Defendant agrees that such property may be forfeited through civil, administrative of criminal forfeiture proceedings, waives any deadline for the initiation of such proceedings, abandons any interest in such property, and consents to its destruction.

The United States reserves the right to seek the direct forfeiture of additional assets pursuant to 18 U.S.C. § 2253(a), and the forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b).

14.    **FOIA Request Waiver.** Defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act ("FOIA") and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

15. **Waiver of Appeal and Collateral Attack.** Defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes, but is not limited to, the Defendant's waiver of the right to appeal guilt or innocence, restitution, and the constitutionality of the statute to which the Defendant is pleading guilty. Defendant further understands that 18 U.S.C. § 3742 affords the Defendant the right to appeal the sentence imposed in this case. Acknowledging this right, and in exchange for the concessions made by the United States in this plea agreement, the Defendant hereby waives all rights to appeal his sentence, unless the Court imposes a sentence above 137 months' imprisonment. The United States, in exchange, waives its right to appeal any sentence imposed by the District Court unless it is below 120 months' imprisonment. Defendant also waives the right to petition under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel.

Defendant has discussed these rights with the Defendant's attorney. Defendant understands the rights being waived and waives these rights knowingly, intelligently, and voluntarily.

16. **Sex Offender Registration.** Defendant understands that by pleading guilty, he will likely be required to register as a sex offender upon his release from prison as a condition of his supervised release pursuant to 18 U.S.C. § 3583(d). Defendant also understands that independent of supervised release, he may be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life.

17.     **Complete Agreement.** This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and Defendant. There are no other agreements, promises, representations, or understandings.

ANDREW M. LUGER
United States Attorney

Date: 6/3/2022

BY: _____
HILLARY A. TAYLOR
Special Assistant U.S. Attorney

Date: 6/3/2022

_____
JUSTIN JOHN MITCHELL
Defendant

Date: 6/3/2022

_____
MANNY K. ATWAL
Counsel for Mr. Mitchell