UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-82 (KMM)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JUSTIN JOHN MITCHELL,

        Defendant.

**GOVERNMENT'S POSITION WITH RESPECT TO SENTENCING**

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Hillary A. Taylor, Special Assistant United States Attorney, hereby respectfully submits its memorandum in support of its position with respect to the sentencing of Defendant Justin John Mitchell.

2011, 2016, 2019, and 2022—these are the years in which Mr. Mitchell has been caught possessing child sexual abuse material by law enforcement. After violating conditions of probation for his first child pornography conviction in state court, Mr. Mitchell was charged again with possessing child pornography and released on conditions. Yet again Mr. Mitchell sought out and possessed depictions of child abuse while under supervision, including material involving prepubescent girls and toddlers. Given the circumstances surrounding Mr. Mitchell's offense conduct and his evident inability or unwillingness to conform his behavior to the law even while under supervision, the United States requests that the Court impose a sentence of 120 months' imprisonment and a lifetime term of supervised release with special conditions. The government also requests that the Court order restitution in the amount of $8,000.

**I.     BACKGROUND**

   **A.     Criminal History and Relevant Conduct.**

Mr. Mitchell's interest in child sexual abuse material dates back over a decade ago, with law enforcement discovering his activities in 2011. (PSR ¶ 41.) After an investigation, law enforcement seized Mr. Mitchell's computers, which revealed his possession of child pornography files depicting adults abusing children as young as five years old via oral, vaginal, and anal sex. Mr. Mitchell's conduct resulted in his first conviction for possessing child pornography in 2014, for which he was originally sentenced to probation and community service under Ramsey County's Extended Juvenile Jurisdiction. (*Id.*) Records associated with this conviction reflect that Mr. Mitchell violated probation terms and had his probation revoked on four separate occasions. (*Id.*) The first violation and revocation resulted in Mr. Mitchell's case being certified to adult court, with a stayed sentence of 15 months' imprisonment and five years' probation. (*Id.*) Following this offense, Mr. Mitchell was required to complete sex offender programming. (*Id.*) Mr. Mitchell was also ordered to register as a predatory offender. (*Id.*) Mr. Mitchell was terminated from sex offender programming for noncompliance in July 2015. (*Id.* at ¶ 69.)

While on probation, on April 12, 2018, Mr. Mitchell was charged in Ramsey County with possessing child pornography as a registered predatory offender. (*Id.* at ¶ 42.) Mr. Mitchell's probation officer discovered he had an unapproved cell phone with internet access on October 26, 2016. (*Id.*) A search of his phone determined that he once again possessed child pornography files, including depictions of a toddler and prepubescent girls being sexually abused by adults. *See State v. Mitchell*, 62-CR-18-2570 (Minn. Dist. Ct.

Apr. 12, 2022) (Complaint). On June 28, 2018, Mr. Mitchell pled guilty to two of the seven counts, and was sentenced to stayed terms of 39 months' and 18 months' imprisonment respectively, along with 10 years' probation. (PSR ¶ 42.) Records associated with this case reflect that Mr. Mitchell violated probation terms and had his probation revoked in 2019 for possessing child pornography and surreptitiously recording a child in his home. (*Id.* at ¶¶ 42, 44); *see State v. Mitchell*, 62-cr-22-82 (Minn. Dist. Ct. Jan. 5, 2022).

### B. The Instant Offenses, Plea Agreement, and Guidelines Calculation.

The present case arose from investigations in 2019 and 2022. (PSR ¶¶ 7-16.) In August 2019, while Mr. Mitchell was in Ramsey County custody on a felony theft of motor vehicle charge, law enforcement received a report from his now ex-wife stating that she discovered videos showing Mr. Mitchell had surreptitiously recorded her minor daughter undressing and taking a shower. (*See id.* at ¶¶ 43-44.) The Ramsey County Sheriff's Office seized his tablet computers and cell phone and discovered over 19,000 child sexual abuse files on the devices, in addition to the surreptitious recordings. (*Id.* at ¶12.) Law enforcement submitted the files for review to the National Center for Missing and Exploited Children ("NCMEC"). On August 15, 2019, Mr. Mitchell was charged in Ramsey County with interference with privacy against a minor for the recordings, but the case was dismissed in February 2020 in order to consolidate the charges with the ongoing investigation into his possession of child pornography. *See Mitchell*, 62-cr-22-82 (Complaint).

In September 2021, NCMEC reported that Mr. Mitchell's child pornography files included videos from six known child victims' series, along with images depicting the

3

sexual abuse of toddlers and prepubescent minors. *Id.* On January 5, 2022, Mr. Mitchell was charged in Ramsey County with one count of interference with privacy against a minor for the surreptitious recordings and six counts of possessing child pornography. *Id.*

Mr. Mitchell was released from custody on his felony theft of motor vehicle charge in or around January 2021. (PSR ¶ 43.) On January 27, 2021, he signed a Minnesota Department of Corrections "Conditions of Release" form acknowledging that he understood he must refrain from possessing sexually explicit material and that he must disclose all internet capable devices within 24 hours of first possessing or accessing such devices.

Nonetheless, only a year later on January 7, 2022, Mr. Mitchell was found in violation of his probation conditions and was arrested. (*Id.* at ¶ 14.) Namely, upon an unscheduled home visit by probation, Mr. Mitchell was found to be in possession of an unauthorized Amazon Kindle Fire tablet, which was seized and reviewed. (*Id.* at ¶¶ 14-16.) Law enforcement found more than 1,930 child pornography files on Mr. Mitchell's Kindle Fire tablet in January 2022. (*Id.* at ¶ 16.) According to analysis by NCMEC, these files contained 17 different known series containing a child victim who has previously been identified by law enforcement. (*Id.*) These images included depictions of prepubescent girls being sexually assaulted by adult men. (*Id.*)

On May 13, 2022, Mr. Mitchell was charged via Information with two counts of possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). (*See* ECF No. 1; PSR ¶ 1.) On June 3, 2022, Mr. Mitchell pled guilty to the two counts, and in exchange for his swift resolution of the case and concessions made in the plea agreement,

the government agreed not to charge him with other charges related to his conduct (e.g., production or receipt of child pornography). (ECF No. 13 at ¶ 1.) Mr. Mitchell has been in federal custody since June 3, 2022. On June 27, 2022, the Court issued a preliminary order of forfeiture related to property Mr. Mitchell used to commit his crime. (ECF No. 17.)

In his state court case, Mr. Mitchell pled guilty on May 6, 2022 to interference with privacy against a minor, and the possession of child pornography counts were dismissed.[1] (PSR ¶ 44.) On July 18, 2022, Mr. Mitchell was sentenced to 17 months' imprisonment. (*Id.*) His state court defense attorney requested execution of that sentence and for the court to give him credit for 17 months' imprisonment, which was approximately 516 days. The court granted that request. (*Id.*) However, because Mr. Mitchell was in state custody *until* June 3, 2022 (approximately 706 days), there were 180 extra days (706-516) in which Mr. Mitchell was held in state custody that did not go towards his state sentence. The state court prosecutor placed on the record that these additional 180 days would not be appropriate credit towards Mitchell's federal sentence since this additional time was spent pursuant to state negotiations and resolution.

On September 7, 2022, the United States Probation Office issued a final PSR, finding Mr. Mitchell's total offense level to be 28 and his criminal history category to be VI, resulting in an advisory Guidelines imprisonment range of 140 to 175 months. (PSR ¶ 96.) The advisory sentencing guidelines range in the PSR is higher than what was

---

[1] The dismissed conduct is the basis for Count 2 of the Information, related to possession of child pornography in 2019. However, the interference with privacy conduct is not a part of the same course of conduct reflected in Count 1 of the Information.

5

contemplated by the parties in the plea agreement (*id.* at ¶ 98; *see also id* at ¶¶ 2, 46-48); however, as the parties' plea agreement states, the defendant understands that he will be sentenced based on his true criminal history. (ECF No. 13 at ¶ 9.e.) The government does not object to the PSR's calculation. There are no outstanding objections to the PSR. (PSR at ¶ A.1.)

## II.     THE GOVERNMENT'S SENTENCING RECOMMENDATION

The government respectfully requests that the Court impose a sentence of 120 months' imprisonment and lifetime supervision. The recommended sentence seeks to balance the clear needs for deterrence and the need to protect the public from Mr. Mitchell, while also considering his early acceptance of responsibility, as further described below.

### A.     Imprisonment and Supervised Release.

The Court employs the U.S. Sentencing Guidelines as "the starting point and the initial benchmark" in imposing its sentence. *Gall v. United States*, 552 U.S. 38, 49 (2007). The Court then must consider the factors enumerated in 18 U.S.C. § 3553(a), in determining whether the applicable guideline range provides for an appropriate sentence. *United States v. Ruvalcava-Perez*, 561 F.3d 883, 886 (8th Cir. 2009). Where the Court finds that the Sentencing Guidelines adequately account for the offense and relevant circumstances, it "shall impose a sentence of the kind, and within the range" prescribed. 18 U.S.C. § 3553(b)(2)(A).

A sentence of 120 months of imprisonment—the mandatory minimum sentence—followed by lifetime supervised release, is sufficient, but not greater than necessary, to satisfy the considerations of § 3553(a). It appropriately reflects the seriousness of Mr.

Mitchell's crime, protects society from him, acknowledges his acceptance of responsibility, and affords him the opportunity for much needed treatment and rehabilitation.

In recommending the mandatory minimum sentence, the government does not intend to minimize the seriousness of the defendant's offense, or the government's strong interest in protecting minor victims. Mr. Mitchell is a repeat child pornography offender. The images and videos which Mr. Mitchell possessed are heinous depictions of the sexual abuse of minors, including toddlers and prepubescent girls. The children in these graphic images and videos are real people whose lives were forever shattered by the abuse they suffered. (*See, e.g.*, PSR at ¶ 18 (victim statement from the BluesPink1 series)). But far from feeling sympathy or shock, Mr. Mitchell chose to victimize these minors again by collecting depictions of their abuse for his own sexual gratification. The victimization wrought by child pornography is not limited to its production—victims are re-traumatized when the images of their abuse "live on," being traded and possessed for sexual gratification by people like Mr. Mitchell, bringing further embarrassment and stress to the victims. A considerable term of imprisonment is necessary to account for these tragic circumstances, reflect the seriousness of Mr. Mitchell's offense, and provide just punishment. *See* 18 U.S.C. §§ 3553(a)(1) and 3553(a)(2)(A).

Worse yet, Mr. Mitchell has victimized minors this way on at least four separate occasions. (*See* PSR at ¶¶ 9-12, 14-16, 41, 42.) These repeated violations show: (1) his keen and ongoing sexual interest in children; (2) his refusal to abide by the law; and (3) that his previous sentences have not deterred his criminal behavior, nor have they reformed

him. Thus, 120 months' imprisonment with lifetime supervision is necessary and appropriate to protect the public from Mr. Mitchell, deter him and others from committing similar crimes in the future, and promote respect for the law. *See* 18 U.S.C. § 3553(a)(2)(A)-(C).

Mr. Mitchell's history and characteristics also counsel a sentence of 120 months' imprisonment followed by lifetime supervision. *See* 18 U.S.C. § 3553(a)(1). Besides the aforementioned convictions for possession of child pornography, despite being only 28 years old, Mr. Mitchell has convictions for theft of a motor vehicle (felony) and interference with privacy against a minor (felony). (PSR at ¶¶ 43-44.) Also, he has had numerous revocations of his supervised release, including revocations due his continued efforts to seek out and possess child pornography. Also, Mr. Mitchell's past efforts in sex offender programming have been largely unsuccessful, resulting in his dismissal from several programs due to his inconsistent attendance, insufficient progress, and noncompliance. (*Id.* at ¶¶ 68-70.)

Although a substantial sentence of incarceration is appropriate, the government acknowledges there are mitigating factors. First, Mr. Mitchell deserves credit for quickly and unequivocally accepting responsibility for the instant offense. Upon being served with a target letter and consulting with counsel, he immediately agreed to plead guilty to an Information, thereby saving the government time and resources in the form of Indictment, pre-trial motion practice, and/or trial. His plea also potentially saved the victims from the painful experience of a trial.

Second, Mr. Mitchell's mental health has played a role in his criminal conduct. Although there is no indication his mental health issues rise to the level of criminal incompetence (and thus do not excuse his criminality), their long-running and significant effect on his life and behavior should be taken into account. Mr. Mitchell has been treated for a variety of mental health conditions, including depression, anxiety, suicidal ideation, and substance abuse disorder. (*See id.* at ¶¶ 67-71.) He has attempted to die by suicide on two occasions. (*See id.* at ¶ 71.)

A sentence of 120 months' imprisonment, followed by lifetime supervised release with sex offender conditions, strikes the right balance. Mr. Mitchell's longest term of imprisonment previously was 39 months; thus, the mandatory minimum term of imprisonment here is a marked graduated sanction. It justly punishes Mr. Mitchell for his illegal conduct, deters him and others from engaging in such conduct in the future, and provides needed protection to the public for the duration of Mr. Mitchell's life. It also provides Mr. Mitchell with an opportunity to receive prolonged mental health treatment and sex offender programming in a structured environment where Mr. Mitchell is unable to act on any sexual desire he feels towards children. *See* 18 U.S.C. § 3553(a)(2)(D). However, such a sentence is not greater than necessary to accomplish these ends and is in keeping with the sentences of other similarly situated defendants in this District. *See* 18 U.S.C. §§ 3553(a) and 3553(a)(7).

**B.    Restitution.**

Restitution is mandatory in this case and should be ordered. (PSR at ¶¶ 3, 17, 108.) Mr. Mitchell agrees to pay restitution to his victims. (ECF No. 13 at ¶ 12.) To date, the

government has sent notices to all victims who have opted in to receiving notifications regarding restitution. After following up with those who received notices, the government has received restitution requests related to two victims totaling $8,000. (PSR at ¶ 108.) No additional claims are anticipated.

The government has inquired whether Mr. Mitchell will stipulate regarding restitution, but the parties have not reached an agreement or stipulation at this time. However, Mr. Mitchell understands that for any victim who submits a restitution request, assuming the loss amount and a causal link is established between the damages and his conduct is proven by a preponderance of the evidence, the Court must order restitution in an amount not less than $3,000. 18 U.S.C. § 2259(b)(2)(B); (*see* ECF No. 13 at ¶ 12.)

### C. Amy, Vicky, and Andy Child Pornography Victim Assistance Act ("AVAA") Assessment.

The AVAA created a special assessment for defendants convicted of child pornography crimes. 18 U.S.C. § 2259A(a). These assessments support the Child Pornography Victims Reserve Fund ("CPVRF"), from which some victims can elect to receive compensation in addition to, or in lieu of, restitution owed to them individually. *See* 18 U.S.C. § 2259(d). Congress made clear that its intent in passing the AVAA was "that victims of child pornography be compensated for the harms resulting from every perpetrator who contributes to their anguish." PL 115-299, December 7, 2018, 132 Stat. 4383.

Pursuant to the AVAA, the Court shall order Mr. Mitchell to pay an assessment of not more than $17,000. 18 U.S.C. § 2259A(a)(1); (*see* PSR ¶ 105.) In determining the

amount to assess, the Court should consider the factors set forth in §§ 3553(a) and 3572. 18 U.S.C. § 2259A(c).

The government recommends that the Court impose an AVAA special assessment of $5,000 on Mr. Mitchell. Such an assessment is necessary to ensure that the CPVRF is available to assist the victims of child pornography in what is often a life-long battle to recover. *See* 18 U.S.C. § 3553(a)(7). Although $5,000 represents a financial burden on Mr. Mitchell, it is not an unjust one, especially since this amount may be collected over time and be adjusted if Mr. Mitchell's financial circumstances do not allow for payment. *See* 18 U.S.C. §§ 2259A(d)(1), 3572(a)(1), 3572(d). The government asks that the Court make any AVAA assessment collectable in monthly payments of $100 and order that it come due only after Mr. Mitchell satisfies his mandatory special assessment under 18 U.S.C. § 3013 and any restitution obligations. *See* 18 U.S.C. § 2259A(d)(2). *See, e.g.*, *United States v. Odegaard*, Case No. 21-cr-272 (PJS) (D. Minn. May 10, 2022) (sentencing judgment for defendant who pled guilty to one count of possession of child pornography pursuant to an Information, in which he was sentenced to a $17,000 AVAA assessment and $5,000 JVTA assessment, in addition to restitution).

D.   **Justice for Victims of Trafficking Act ("JVTA") Assessment.**

Mr. Mitchell is also subject to a special assessment of $5,000 under the JVTA. 18 U.S.C. § 3014 (amended by PL 117-180, Sept. 30, 2022, 136 Stat. 2133); (*see* PSR at ¶ 104.) Assessments under this statute provide monetary support for the Domestic Trafficking Victims' Fund ("DTVF"), which in turn provides grants and programming that assist victims of human trafficking, child exploitation, and child abuse. *See* 18 U.S.C.

11

§§ 3014(c), 3014(e). Pursuant to the JVTA, the Court must impose this assessment on any "non-indigent person" convicted of a child exploitation crime, including possession of child pornography. 18 U.S.C. § 3014(a)(3). In *United States v. Kelley*, 861 F.3d 790 (8th Cir. 2017), the Eighth Circuit fashioned a standard for assessing "non-indigency." *See id.* at 799-802. It directs courts to look at both a defendant's current assets and his future earning potential. *See id.* at 801-02. Under this standard, Mr. Mitchell is not indigent, and the assessment should apply.

The government does not dispute that Mr. Mitchell is currently indigent. He has no appreciable assets, has been incarcerated for most of 2022, and held inconsistent employment for the several years prior. (*See* PSR at ¶¶ 83-92.) However, Mr. Mitchell's future earning potential is not insubstantial. If the Court imposes the government's recommended sentence of 120 months, Mr. Mitchell will be released when he is approximately 38 years old (or earlier, with good time), with many years of earning potential ahead of him. His past employment records show that when he is sober and his mental health properly addressed, he is hard-worker capable of making a decent income. (*See id.* at ¶ 85.) Mr. Mitchell also holds certifications related to car mechanics, increasing his earning potential. (*Id.* at ¶ 81.) Moreover, a $5,000 obligation is not a debt that would significantly impact Mr. Mitchell's ability to support himself, but is a meaningful amount and necessary to provide support to victims of crimes like those he committed. Assuming the Court imposes the JVTA assessment, the Government asks that it come due only after Mr. Mitchell satisfies the mandatory special assessment, restitution, and any AVAA assessment, and be payable in monthly installments of $100. *See* 18 U.S.C. § 3014(b).

## III. CONCLUSION

For the foregoing reasons, the United States requests that the Court impose a sentence of 120 months' imprisonment and a lifetime term of supervised release with special conditions to follow. The United States further requests that the Court order Mr. Mitchell to pay $8,000 in restitution and AVAA and JVTA special assessments.

Dated: October 8, 2022　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　ANDREW M. LUGER
　　　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　　　　　*s/ Hillary A. Taylor*

　　　　　　　　　　　　　　　　　　　　BY:  HILLARY A. TAYLOR
　　　　　　　　　　　　　　　　　　　　Special Assistant United States Attorney
　　　　　　　　　　　　　　　　　　　　Attorney ID No. 0398557